IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JARQUARIUS FOLDS,**<br><br>    Plaintiff,<br><br>v.<br><br>**CITY OF CONYERS and MAYOR VINCE EVANS**<br><br>    Defendants. | Civil Action No.:<br><br>**Jury Trial Demanded** |

**COMPLAINT**

COMES NOW Plaintiff, Jarquarius Folds, by and through his undersigned counsel and files this lawsuit against Defendants City of Conyers and Mayor Vince Evans pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants are foreign corporations who conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia.  Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II. STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III. PARTIES

5. Plaintiff Jarquarius Folds (hereinafter "Plaintiff" or "Mr. Folds") is a resident of Rockdale County, Georgia (within this District).

6. Mr. Folds was employed by Defendants, City of Conyers and Mayor Vince Evans (hereinafter "Defendants").

7. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

8. Defendant City of Conyers is a municipality of the State of Georgia and is responsible for the funding and operation of the City Conyers Code Enforcement Division. Defendant City of Conyers may be served with process through Mayor Vince Evans at 901 O'Kelly St SE, Conyers, GA 30012, and is subject to the jurisdiction of this court.

9. Defendant Mayor Vince Evans is the chief executive officer of the City of Conyers and operation of the City's Conyers Code Enforcement Division. Mayor Vince Evans may be served with process at 901 O'kelly St SE, Conyers, GA 30012, and he is subject to the jurisdiction of this court.

10. Defendants conduct business within this State and District, and at all times relevant to this lawsuit managed employees, such as Plaintiff. As such, Defendants are subject to the jurisdiction of this Court. Defendants may be served process at the City of Conyers City Hall located at 901 O' Kelly Street, Conyers, GA. 30012.

11. Defendants are employers as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

12. Mr. Folds was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

13. Defendants were provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

## IV. GENERAL ALLEGATIONS

14. Mr. Folds was employed by Defendants as a "Code Enforcement Officer" at Defendants Code Enforcement Division, located at 901 O' Kelly Street Conyers, Georgia from March 18, 2021 through November 22, 2021.

15. Mr. Folds was paid an hourly rate of $19.30 on a bi-weekly pay schedule.

16. Mr. Folds' work schedule was Monday through Friday, 8 a.m. to 5 p.m. Each day of employment, Mr. Folds arrived at the office a half hour early in order to adequately prepare for his daily route through the City of Conyers.

17. Defendants' management team, including Ms. Melissa Staton and Marvin Flanigan were fully aware that Mr. Folds regularly reported to work early each morning.

18. Each morning at 7:30 a.m., Mr. Folds arrived at the office and typed letters to be mailed out to city residents and prepared those letters for mailing. He would then review the different zones and locations that needed to be visited for the day before heading out.

19. Mr. Folds would leave the building at approximately 8:30 a.m. each morning to begin his daily route. His daily tasks consisted of issuing notices and citations for violations

of city ordinances such as improperly parked vehicles, improper building maintenance, plumbing and lawn maintenance violations.

20. Each day, during Mr. Folds' scheduled lunch hour, he drove to Pine Log Park to eat his lunch and coordinate the second half of his day. Most times the truck idled and he remained inside the truck while eating his lunch and working, but weather permitting, Mr. Folds would exit the truck with company phone and computer and make phone calls, fill out paperwork and perform research.

21. The phone calls were made to schedule and coordinate interior home and business inspections and to contact utility companies to confirm service at specific addresses. Mr. Folds' research was necessary to locate contact details for city residents or business owners.

22. It was necessary to use specific online databases to perform this research and these tasks could not be initiated or completed while driving. The only time available for Mr. Folds to complete these tasks was during his scheduled lunch hour.

23. Mr. Folds was questioned about his vehicle idling in Pine Log Park at the same time each day and he informed his direct supervisor that he was parking in order to eat and perform work related tasks necessary to fulfill his duties.

24. Each evening, Mr. Folds would arrive back to the office at approximately 4:45 p.m. to close out his business for the day before returning home. Mr. Folds worked an extra 1.5 hours each day of employment, of which he has not been compensated. This

equates to 7.5 additional hours each week for 35 weeks for a total of 262.5 hours of work performed of which Mr. Folds has not been compensated.

25. Mr. Folds was also required to attend 2 company meetings outside normal business hours and 3 city cleanups outside normal business hours.

26. In May, July and September of 2021, Mr. Folds attended 3 required city cleanups on Saturday mornings from 8am to 12 pm. Mr. Folds was informed by his immediate supervisor, Melissa Staton, that he would be compensated for his time by being allowed to leave work early on other working days.

27. However, the first time Mr. Folds asked to leave work early as compensation for the Saturday work, he was told by Director, Marvin Flanigan, that he could not leave early.

28. Mr. Folds also attended a community meeting with the Mayor of Conyers in August 2021 after work from 5 p.m. to 8 p.m. and was not compensated for that time.

29. Additionally, Mr. Folds attended a community meeting on a Saturday in September with Calloway HOA from 8 a.m. to 12 p.m. and was also not compensated for that time. Mr. Folds was not directed to or allowed to enter his evening and weekend hours on his timesheet.

30. In total, Mr. Folds provided the City of Conyers with 19 hours of work outside normal business hours for which he has not been compensated.

31. Mr. Folds was originally scheduled to work from 8am to 5pm each day; however, the office manager and Mr. Folds' direct management team were each aware that Mr.

Folds began his work day at 7:30 a.m., worked during his lunch and had required duties on some evenings and weekends.

32. Each week, Mr. Folds was required to submit his time sheet to the Director, Mr. Marvin Flanigan, for approval before the time sheet was ultimately submitted to Human Resources for processing.

33. Mr. Flanigan was known to only flag timesheets that over-reported time and Mr. Folds was never directed to adjust his time sheets to account for his additional hours.

34. The City of Conyers' failure to pay Mr. Folds for all hours worked violates the Overtime Provisions of Fair Labor Standards Act. The FLSA requires all employees to be paid at a rate no less than 1.5 times their regular rate of pay for all hours worked in excess of 40, in any given work week.

35. Therefore, Mr. Folds should have been paid an hourly rate of $28.95 for all hours worked in excess of 40 hours each week. As an hourly employee, Mr. Folds does not qualify for any overtime exemptions under FLSA and is therefore, unequivocally entitled to full payment for all hours worked.

36. In total, Mr. Folds worked a total of 281.5 overtime hours, for which he was not compensated. He is owed a total of $8,149.43 in overtime compensation, as itemized below.

| Unpaid Overtime Calculation | | | | | |
| --- | --- | --- | --- | --- | --- |
| Before 8:00 am | During lunch hour | Evenings | Weekends | Total hours | Total Owed |
| 87.5 hours | 175 hours | 3 hours | 16 hours | 281.5 | **$8,149.43** |

37. FLSA requires employers pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay. Accordingly, Mr. Folds is unequivocally entitled to full payment for overtime hours worked, and he does not qualify for any of the recognized exemptions from the protections of FLSA.

38. Mr. Folds did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

39. Mr. Folds' work did not involve the performance of duties directly related to management or general business operations. To the extent that his work required any judgment at all, his judgment was limited to choices within set policies or guidelines.

40. Mr. Folds was paid an hourly non-exempt rate during the entire course of his employment, and regularly worked more than 40 hours a week.

41. Defendants deliberately avoided paying Mr. Folds his full compensation earned by refusing to pay Mr. Folds for all hours worked in excess of 40 hours each week. This practice is illegal under the Fair Labor Standards Act.

42. The Fair Labor Standards Act requires employers to pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay.

## V.   CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

43. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the preceding paragraphs, as set forth herein and states:

44. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

45. Plaintiff was not an exempt employee under FLSA.

46. Defendants deliberately avoided paying Mr. Folds his full compensation earned by failing to compensate Mr. Folds for all hours worked in excess of 40 hours per week.

47. Defendant was aware that it could not lawfully deny Plaintiff his appropriately calculated overtime wages.

48. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

49. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

50. As a result of the unlawful acts of Defendants, Mr. Folds was deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

**PRAYER FOR RELIEF**

51. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

a. All damages that may be awarded under FLSA, and Georgia law, including general compensatory damages;

b. Special damages;

c. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

d. Recovery from Defendants the expenses of this litigation, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C §1988(b).

e. Unpaid overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

f. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 5th  day of March, 2022

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**