# FLSA SETTLEMENT AND RELEASE AGREEMENT

This document sets forth the terms and conditions of the FLSA Settlement and Release Agreement ("Agreement") by and between Jarquarius Folds ("Releasor"), the City of Conyers, Georgia (the "City"), and the City's Mayor, G. Vincent Evans, Jr., individually and in his official capacity ("Evans"). The term "Releasees" as used herein shall be defined as the City, Evans, and all of the City's current and former elected and appointed officials, officers, directors, employees, servants, agents, insurers, and attorneys in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally.

WHEREAS, Releasor was previously employed by the City on an at-will basis; and

WHEREAS, following Releasor's termination, he filed suit in the United States District Court for the Northern District of Georgia, Case No. 1:22-cv-00929-MHC (the "Civil Action"), against both the City and Evans, alleging claims for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"); and

WHEREAS, the City and Evans have denied and continue to deny any and all liability to Releasor; and

WHEREAS, the Parties desire to resolve any and all FLSA claims that either party currently does have or may potentially have arising out of Releasor's employment with the City, including that those asserted or that could have been asserted in the Civil Action.

1.   **Payment and Consideration:**

Following the effective date of this Agreement, as provided for herein, the City will pay consideration as follows to resolve this matter:

i.   One check made payable to "Jarquarius Folds" in the gross amount of Eight Thousand One Hundred Forty-Nine and 43/100 Dollars ($8,149.43), less all applicable taxes and withholdings required by law based on the Releasor's current W-4 document, in compensation for Releasor's claims for alleged unpaid wages and overtime, and which will be reported to Releasor on a Form W-2; and

ii.   One check made payable to "Jarquarius Folds" in the gross amount of Seven Thousand Four Hundred and No/100 Dollars ($7,400.00), without any

deductions for taxes and withholdings, in compensation for Releasor's claims for liquidated damages, and which will be reported to Releasor on a Form 1099; and

   iii. One check made payable to "Law Offices of Arnold J. Lizana III, P.C." in the amount of Six Thousand and 00/100 Dollars ($6,000.00), as consideration for the Releasor's alleged attorney's fees, costs, and expenses under the FLSA, and which will be reported to Releasor's counsel on a Form 1099.

  B. The checks set forth above will be mailed to Releasor's counsel, Arnold J. Lizana III, P.D., 1175 Peachtree Street NE, 10th Floor, Atlanta, GA 30361, within ten (10) business days following the Effective Date of this Agreement, as provided for herein. Executed W9 forms from both Releasor and his counsel are necessary and a condition precedent to issue the above payments.

  C. Releasor acknowledges and agrees that the payments set forth above representing unpaid overtime wages and liquidated damages fairly compensate him for all alleged overtime and other wages allegedly owed to him by the City.

  **2.** **Motion to Approve Settlement and Effective Date**

  A. For and in consideration of the payments and benefits specified in paragraph 1, and other good and valuable consideration, Releasor agrees to dismiss with prejudice his Civil Action that currently is pending in the United States District Court for the Northern District of Georgia, Atlanta Division.

  B. Following their execution of this Agreement, Releasor and the City agree to jointly file in the Civil Action the Joint Motion to Approve Settlement Agreement and Dismiss Claims that is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement to be filed in the public court record. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

  C. This Agreement shall become effective and binding upon Releasor upon his execution of the Agreement and shall be irrevocable. The Agreement shall not become effective, however, with respect to the City and Evans, and the City shall have no obligation to make the payments set forth in paragraph 1, unless and until such date ("the Effective Date") as the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing the Civil Action with prejudice. If the Court does not grant the Joint Motion or approve this Agreement or dismiss the Civil Action with prejudice for any reason, then this Agreement will not be binding upon the parties and will be null and void.

### 3. **Release of Claims:**

For and in consideration of the payments specified in paragraph 1, and other good and valuable consideration, Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever, in law or in equity, whether known or unknown, which the Releasor ever had, now has, or may or might in the future have against the Releasees based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, that arise by reason of or in any way are connected with, or which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or with: (a) the Civil Action; (b) any claim for unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the Fair Labor Standards Act ("FLSA") or any other federal, state, or local wage and hour law; (c) any claims for retaliation under the FLSA; and (d) any claims for attorneys' fees, costs, or expenses pursuant to the FLSA or as otherwise may be allowed by any other federal, state, or local wage and hour law.

### 4. **Covenant Not To Sue:**

Unless otherwise prohibited by law, Releasor agrees, covenants, and warrants to the City that neither Releasor, nor any person, organization, or other entity acting on Releasor's behalf has or will: (a) sue or cause or permit suit against the Releasees upon any claim released by this Agreement; (b) participate in any way in any such suit or proceeding; or (c) execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released by this Agreement.  Unless otherwise prohibited by law, in the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Releasees against Releasor for any conduct arising prior to the effective date of this Agreement, Releasor waives his right to personally recover any monetary amount in any such proceedings, and Releasor further agrees and covenants to return to the City upon receipt any sums paid to or otherwise received by Releasor pursuant to any such claim.

### 6. **Non-Admission:**

Releasor acknowledges that the consideration provided for this Agreement, including the payments and benefits set forth in paragraph 1, does not constitute any admission of liability or wrongdoing on the part of the City or any of the Releasees, by whom any and all liability or wrongdoing of any kind is expressly denied.  The City and Releasees specifically deny any liability to Releasor for any unpaid overtime,

liquidated damages, or other alleged compensation due under the FLSA or any other applicable wage payment law, but have entered into this Agreement solely for convenience and the avoidance of litigation. This Agreement shall not be deemed an admission of liability, wrongdoing, or a violation of any law, rule, regulation or order, of any kind, such being expressly denied.

### 7. **Successors and Assigns:**

This Agreement shall be binding upon Releasor and Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents, and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns. Releasor represents and warrants that he has not assigned, sold, or otherwise conveyed any claim released herein.

### 8. **Modification and Severability:**

A. This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by the Releasor and authorized representative of the City.

B. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

### 9. **Miscellaneous:**

A. This Agreement is executed by Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of Releasor's claims. Releasor acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which Releasor otherwise has no legal entitlement.

B. Releasor acknowledges and agrees that he has had reasonable and sufficient time in which to consider whether or not he wishes to enter into this Agreement, and that his decision to do so is made knowingly, voluntarily, and without coercion. Releasor acknowledges that he has the right and opportunity to consult fully with legal counsel or any other advisor of his choice prior to signing this Agreement, and that Releasor is advised to consult with legal counsel prior to signing this Agreement. In that regard, Releasor acknowledges that, before signing this Agreement, Releasor has read and understands each paragraph herein.

   C. Releasor acknowledges that neither the Releasees nor their attorneys make or have made any representation as to the tax consequences, if any, of the provisions of this Agreement.  Releasor agrees to pay, and acknowledges that he remains fully and solely liable to pay, all federal, state, and local taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold harmless the Releasees from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity against the City or any of the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws and from any costs, expenses, or damages sustained by the City or any of the Releasees by reason of any such claims, including any amounts paid as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise.

   E. This Agreement may be executed electronically and in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart.  Electronic, fax, and/or scanned signatures in lieu of original signatures are acceptable.

**IN AGREEMENT HERETO**, Releasor and the below representative of the City do hereby set their hand and seal.

_____  _____
Jarquarius Folds         The City of Conyers, GA

_____  _____
Date             Date